# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-128V
UNPUBLISHED

| | |
|---|---|
| NICOLE LUNG,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 12, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On January 6, 2021, Nicole Lung filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleges that she suffered left shoulder injuries related to vaccine administration (SIRVA) resulting from the influenza (flu) vaccination she received on December 6, 2019. Amended Petition at 1. Petitioner further alleges the vaccination was administered within the United States, her symptoms lasted for more than six months, and neither she, nor any other party, has ever filed any action or received compensation in the form of an award or settlement for Petitioner's vaccine-related

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner filed an Amended Petition on May 20, 2021. *See* ECF No. 9.

injuries. Petition at 1, 4-5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 29, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent concluded that Petitioner's claim meets the Table criteria for SIRVA. *Id.* at 10. Specifically, Respondent determined that "[P]etitioner had no history of pain, inflammation, or dysfunction in the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced ROM were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain [P]etitioner's symptoms." *Id.* Respondent further agrees that "this case was timely filed, that the vaccine was received in the United States, and that [P]etitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master